Chief Calvin Ross Miami Police Department Post Office Box 016777 Miami, Florida 33101
Dear Chief Ross:
You ask substantially the following question:
May the motor vehicles of a private security firm, operating under contract with the City of Miami Downtown Development Authority, display flashing amber lights, pursuant to s. 316.2397, F.S., while patrolling public roadways to provide security services?
In sum:
A private security firm, employed by the City of Miami Downtown Development Authority to provide security services for the downtown area, may not display flashing amber lights on its motor vehicles since the firm is not patrolling a private residential and business community, nor are the vehicles "emergency vehicles" of the governmental entity. In light of possible ambiguity as to which private vehicles are allowed to display flashing amber lights, however, it may be advisable to seek legislative clarification in this matter.
You state that the Downtown Development Authority (authority) has contracted with a private security firm to provide security services in the Flagler/Core Area Security District (Flagler Core).
The City of Miami created Flagler Core to provide increased and new security services, street maintenance and similar services within the Flagler/Core business district.[1]
In light of your authority to enforce the traffic laws of this state on all streets and highways within the City of Miami,[2] you ask whether the private security firm employed by the authority may use flashing amber lights on its vehicles while patrolling.
The Legislature, by enactment of Ch. 316, F.S., has provided uniform laws to apply throughout the state and its several counties and uniform traffic ordinances to apply to all municipalities.[3] Further, s. 316.002, F.S., states "[i]t is unlawful for any local authority to pass or to attempt to enforce any ordinance in conflict with the provisions of this chapter."
Section 316.2397(6), F.S., prohibits flashing lights on vehicles, "except as a means of indicating a right or left turn, to change lanes, or to indicate that the vehicle is lawfully stopped or disabled upon the highway or except that the lamps authorized in subsections (1), (2), (3), and (4) and s. 316.235(5) are permitted to flash."[4]
Section 316.2397(3), F.S., in pertinent part, provides:
Wreckers, mosquito control fog and spray vehicles, and emergency vehicles of governmental departments or public service corporations may show or display amber lights when in actual operation or when a hazard exists provided they are not used going to and from the scene of operation or hazard without specific authorization of a law enforcement officer or law enforcement agency. Further, escort vehicles will be permitted to show or display amber lights when in the actual process of escorting over-dimensioned equipment, material, or buildings as authorized by law. . . . Vehicles of private watchman, guard, or patrol agencies licensed pursuant to chapter 493 may show or display amber lights while patrolling condominium, cooperative, and private residential and business communities by which employed and which traverse public streets or highways. (e.s.)
The statute specifies the vehicles which may display flashing amber lights. Where the Legislature has enumerated that which is allowed by statute, no others may be included.[5] Thus, the private security company must fall within one of the allowed uses under s. 316.2397, F.S., before it may display flashing amber lights on its motor vehicles while patrolling the district.
Those private security firms licensed pursuant to Ch. 493, F.S.,[6] and employed by a private residential or business community are allowed to display amber lights while patrolling the community.
As used in s. 316.2397(3), F.S., the term "private" modifies both residential and business communities.[7] The security firm here is patrolling a public business area on city streets. It does not appear, therefore, that the firm falls within the terms of the statute allowing the use of amber lights by security firms patrolling private residential and business communities. While it is my opinion that the security firm in this instance does not appear to fall within the statute's exception, I recognize the possible ambiguity in the language which allows a private security firm to display flashing amber lights to patrol private business communities which traverse public streets. It may be advisable, therefore, to seek legislative clarification in this matter.
For purposes of Ch. 316, F.S., "[a]uthorized emergency vehicles" are defined as:
Vehicles of the fire department (fire patrol), police vehicles, and such ambulances and emergency vehicles of municipal departments, public service corporations operated by private corporations, and the Department of Transportation as are designated or authorized by the department or the chief of police of an incorporated city or any sheriff of any of the various counties.[8] (e.s.)
While emergency vehicles of governmental entities may display amber lights when in actual operation or when a hazard exists, there is no indication that the vehicles used by the private security firm have been designated or authorized by you as "authorized emergency vehicles." In the event the vehicles used by the private security firm are designated by you, as chief of police, to be "emergency vehicles," then such vehicles may display flashing amber lights. The materials accompanying your request, however, indicate that the security firm patrols the downtown Miami area, providing information, directions, and, in the case of an emergency, assistance to pedestrians and visitors.[9] It would appear that the patrol provides additional security for the area and does not operate as an emergency service of the city.
Accordingly, a private security firm employed by a governmental entity to provide security services within a public area may not display flashing amber lights on its motor vehicles, unless the motor vehicle used is an emergency vehicle in actual operation or when a hazard exists. In light of the possible ambiguity in the statutory provision for private security firms to display flashing amber lights when patrolling private residential and business communities, however, it may be advisable to seek legislative clarification of this matter.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, City of Miami Resolution 89-548, adopted June 7, 1989.
[2] See, s. 316.640(3), F.S. (1992 Supp.), charging the police department of each chartered municipality with enforcement of the state traffic laws throughout the municipality wherever the public has a right to travel by motor vehicle. And see, AGO 81-41, in which this office concluded that a municipality may provide law enforcement protection on all roads within the municipality where the public has the right to travel by motor vehicle.
[3] Section 316.002, F.S.
[4] Section 316.235(5), F.S., provides that a bus, as defined in s. 316.003(3), F.S., may be equipped with a deceleration lighting system consisting of amber lights which light and flash during deceleration, braking, or standing and idling of the bus.
[5] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976) (where a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily construed as excluding from its operation all things not expressly mentioned). See also, Dobbs v. Sea Isle Hotel 56 So.2d 341, 342 (Fla. 1952) (where a statute sets forth exceptions, no others may be implied to be intended).
[6] Chapter 493, F.S., regulates licensed and unlicensed persons and businesses engaged in the security industry.
[7] Placement of "residential and business" between the terms "private" and "communities" shows a legislative intent to encompass only private residential communities and private business communities.
[8] Section 316.003(1), F.S.
[9] Memorandum to Chief Calvin Ross from Matthew D. Schwartz, Executive Director, Downtown Development Authority, October 16, 1992.